IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMOND JACKSON, *#327386*,         *

    Plaintiff,        *

        v.        *        Civil Action No. DKC-19-2867

RANDALL NERO, *et al.*,        *

    Defendants.        *
      ***

## MEMORANDUM OPINION

Self-represented Plaintiff Jamond Jackson, an inmate currently confined at the Patuxent Institution ("Patuxent") in Jessup, Maryland, filed the above-captioned civil rights complaint pursuant to 42 U.S.C. § 1983 along with a motion for leave to proceed *in forma pauperis*. ECF Nos. 1, 2. This court issued an Order on October 8, 2019, requiring Jackson to amend his complaint to provide additional information in support of his claim that Defendants have discriminated against him. ECF No. 3. Jackson was provided 28 days to file an amended complaint and was forewarned that failure to file the information required would result in the dismissal of the suit. *Id.*

Jackson filed an amended complaint on October 18, 2019, with a supplement to his motion for leave to proceed *in forma pauperis*. ECF Nos. 5, 6. Because he appears indigent, Jackson's motion will be granted. For the reasons that follow, however, the complaint and amended complaint must be dismissed.

This Court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In deciding whether a complaint fails to state a claim, "[t]he district court need not look beyond

the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

Here, Jackson's sole claim appears to be that Defendants have discriminated against him. *See* ECF No. 1. The Equal Protection Clause generally requires the government to treat similarly situated people alike. *Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). To show that his equal protection rights were violated, a plaintiff must demonstrate that he was treated differently than similarly situated inmates and the discrimination was intentional or purposeful. "If he makes this showing, 'the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny.'" *Veney v. Wyche,* 293 F.3d 726, 730-31 (4th Cir. 2002) (citing *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). For the second stage,

> In general, unless a suspect class is involved, disparate treatment "is presumed to be valid and will be sustained 'if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose.'" *Veney v. Wyche*, 293 F.3d 726, 731 (4th Cir. 2002) (quoting *Heller v. Doe*, 509 U.S. 312, 319-20, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993)); *see also [Village of Willowbrook v.] Olech*, 528 U.S. [562,] 564, 120 S.Ct. 1073 [(2005)] (applying rational basis review to class-of-one claims). When equal protection challenges arise in the prison context, however, "courts must adjust the level of scrutiny to ensure that prison officials are afforded the necessary discretion to operate their facilities in a safe and secure manner." *Veney*, 293 F.3d at 732. That is, even when a "regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner [v. Safley],* 482 U.S. [78,] 89, 107 S.Ct. 2254 [(2005)]; *Morrison*, 239 F.3d at 655. To evaluate whether an action is reasonable, we apply the factors set forth in *Turner*: (1) whether there is a "valid, rational connection between the policy and the penological interest"; (2) whether there is an "alternative means of exercising the right" available to inmates; (3) what "impact accommodation of the asserted right will have on" the prison, including guards, other inmates, and prison resources; and (4) "the absence of ready alternatives that fully accommodate the prisoner's rights at de minimis cost to valid penological interests." *Morrison*, 239 F.3d at 655 (citing *Turner*, 482 U.S. at 89, 107 S.Ct. 2254).

*King v. Rubenstein*, 825 F.3d 206, 221 (4th Cir. 2016).

2

In his original complaint, Jackson mainly discusses another inmate named Tracy Reid and Reid's assigned responsibilities in the sanitation detail at Patuxent.  *See* ECF No. 1.  In his amended complaint, Jackson continues to discuss Reid's daily activities, including Reid's performance of assigned responsibilities and also addresses their daily interactions.  ECF No. 6.  Jackson repeatedly questions "why inmate Tracy Reid [] can't just do his job & lock in like everybody else – he ain't no better then [sic] [the] rest of sanitation workers on tier."  *Id.* at 16.  Upon review of the amended complaint, Jackson fails to demonstrate that any difference in the treatment of inmates at Patuxent bears no rational relation to any legitimate penal interest or was based on an improper classification.  Thus, Jackson's complaint and amended complaint must be dismissed for failure to state a claim upon which relief may be granted.

Jackson is advised that under 28 U.S.C. § 1915(g), he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A separate order follows.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge